UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NOS.   20-61465-CV-ALTMAN
  96-06020-CR-ALTMAN-1

**SANTOS ACEVEDO**,

  *Movant*,

v.

**UNITED STATES OF AMERICA**,

  *Respondent*.
_____/

## ORDER

With permission from the Eleventh Circuit, *see In re Acevedo*, No. 20-12375-B, slip op. at 9 (11th Cir. July 20, 2020), the Movant—Santos Acevedo—has filed a successive Motion to Vacate under 28 U.S.C. § 2255(h), *see* Motion to Vacate ("Motion") [ECF No. 1] at 11–51. In his Motion, Acevedo contends that his federal convictions for violations of 18 U.S.C. § 924(c) were unconstitutional in light of the Supreme Court's decision in *Davis v. United States*, 139 S. Ct. 2319 (2019). *See generally* Motion. After careful review, we **DENY** the Motion.

### THE FACTS

The Government indicted Acevedo on seven counts: one count of conspiracy to racketeer ("RICO conspiracy"), in violation of 18 U.S.C. § 1962(d) (Count 1); two counts of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts 2 and 5); two counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951–52 (Counts 3 and 6); and two counts of using and carrying firearms during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). *See* Indictment, *United States v. Acevedo*, No. 96-06020-CR-ALTMAN (S.D. Fla. Feb. 14, 1996), ECF No.

3.[1] According to the Indictment, Acevedo (together with three coconspirators) engaged in a scheme to "surveil the routes and locations where pick-ups would be made by messengers and drivers of armored cars" and to "acquire and utilize vehicles, firearms, ammunition, masks, and bullet-proof vests in order to facilitate the robbery of armored cars." *Id.* at 2. The Indictment further alleged that, on two occasions, Acevedo and his coconspirators successfully robbed a Brinks armored car: once on January 3, 1994, where Acevedo stole "approximately $1,000,000.00 from a messenger and a driver of a Brinks armored car located at [Hialeah, Florida]," and again on September 28, 1994, when Acevedo took "approximately $1,900,000.00 from a messenger and a driver of a Brinks armored car located at [Coral Springs, Florida]." *Id.* at 3–4.

Acevedo proceeded to trial where, on December 4, 1996, a federal jury found him guilty of all seven counts in the Indictment. *See* Verdict, *Acevedo v. United States*, No. 96-06020-CR-ALTMAN (S.D. Fla. Dec. 6, 1996), ECF No. 165. Judge Zloch sentenced Acevedo to "360 months [in prison] as to Count [1] and concurrent terms of 240 months as to each of counts 2, 3, 5 & 6." Amended Judgment, *Acevedo v. United States*, No. 96-06020-CR-ALTMAN (S.D. Fla. Mar. 27, 1997), ECF No. 212 at 2. Judge Zloch added that "Counts 2, 3, 5 & 6 are to run concurrently with the sentence imposed in Count 1." *Id.* "As to Count 4," Judge Zloch said, "the defendant is sentenced to 60 months . . . to run consecutively to the sentences imposed in Counts 1, 2, 3, 5 and 6." *Id.* And, as to Count 7, Judge Zloch directed that "the defendant is [sentenced] to a term of 240 months to run consecutively to the sentences imposed in Counts 1, 2, 3, 4, 5 and 6." *Id.* Acevedo appealed his conviction and sentence to the Eleventh Circuit, which affirmed in an unwritten opinion. *See United States v. Acevedo*, 250 F.3d 746, 746 (11th Cir. 2001), *cert. denied sub nom. Villarino-Pacheco v. United States*, 533 U.S. 963 (2001).

---

[1] The Honorable William J. Zloch presided over the original criminal case. But, since Judge Zloch has taken senior status, the Clerk reassigned *both* this case *and* the underlying criminal case to us. *See* Clerk's Notice of Reassigned Case, *United States v. Acevedo*, 96-06020-CR-ALTMAN (S.D. Fla. July 20, 2020), ECF No. 417.

2

After filing an initial, unsuccessful § 2255 motion to vacate, *see* Order Denying Motion to Vacate, *Acevedo v. United States*, No. 96-06020-CR-ALTMAN (S.D. Fla. Oct. 18, 2002), ECF No. 352, the Movant filed an Application for Leave to File a Successive Motion to Vacate with the Eleventh Circuit pursuant to 28 U.S.C. § 2255(h), *see* Application for Leave to File a Successive Motion to Vacate ("Application") [ECF No. 1] at 11–32. In that Application, Acevedo argued that, given the Supreme Court's decision in *Davis*, his convictions under 18 U.S.C. § 924(c) were unconstitutional. *Id.* at 32. Why? Because "conspiracy to commit [a] Hobbs Act robbery is not a crime of violence under the force clause[,] and the residual clause that was used during Acevedo's time of sentencing is now deemed unconstitutionally vague by [*Davis*]." *Id.* In a short opinion, the Eleventh Circuit concluded: "Acevedo has made a *prima facie* showing that his claim satisfies the statutory criteria of § 2255(h)(2) on the basis that his § 924(c) convictions may be unconstitutional under *Davis*, as he was potentially convicted and sentenced under the now-invalid residual clause of § 924(c)(3)(B)." *In re Acevedo*, slip op. at 6. The circuit panel also warned Acevedo that he "will bear the burden of proving the likelihood that the jury based its verdict of guilty on Counts 4 and 7 *solely* on the basis of the Hobbs Act conspiracy offenses and not also or solely on the basis of the substantive Hobbs Act robberies." *Id.* at 6–7 (emphasis added).

## THE LAW

Because collateral review isn't a substitute for a direct appeal, the grounds a movant can advance under 28 U.S.C. § 2255 are extremely limited. As relevant here, a prisoner is entitled to relief under § 2255 if (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *accord McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). In other words, "relief under § 2255 is reserved for transgressions of constitutional rights and for

that narrow compass of other injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (cleaned up); *see also United States v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge will not do service for an appeal."). If a court grants a § 2255 claim, the court "shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The movant bears the burden of proving his § 2255 claim. *See Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017), *cert. denied*, 139 S. Ct. 1168 (2019) ("We rest our conclusion that a § 2255 movant must prove his [*Johnson v. United States*, 576 U.S. 591 (2015)] claim on a long line of authority holding that a § 2255 movant 'bears the burden to prove the claims in his § 2255 motion.'" (quoting *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015))).

## ANALYSIS

Acevedo's argument is straightforward. In his words: "Acevedo's § 924(c) convictions for Counts 4 and 7 should be dismissed since a Hobbs Act conspiracy is not a crime of violence." Motion at 45.[2] In support, Acevedo says that "[t]he jury returned a general verdict of guilt on the firearm

---

[2] In Count 1, Acevedo was also charged with RICO Conspiracy. *See* Indictment at 1–6. In the aftermath of *Davis*, the Eleventh Circuit held that RICO conspiracy is not a "crime of violence" for purposes of § 924(c). *See United States v. Green*, 981 F.3d 945, 952 (11th Cir. 2020) ("So as with conspiracy to commit Hobbs Act robbery, the elements of RICO conspiracy focus on the *agreement* to commit a crime, . . . Therefore, RICO conspiracy does not qualify as a crime of violence under § 924(c)(3)."). Acevedo never argues that the jury *might* have (improperly) considered RICO conspiracy as the predicate offense for his § 924(c) charge, *see* Motion at 45 ("Acevedo's [I]ndictment charged in Counts 4 and 7 the use of a firearm during and in relation to a crime of violence as charged in Counts 2 and 3, and Counts 5 and 6.")—and we won't make arguments for him, *see Fils v. City of Aventura*, 647 F.3d 1272, 1285 (11th Cir. 2011) ("[D]istrict courts cannot concoct or resurrect arguments neither made nor advanced by the parties."). Nor would any such argument have been viable. After all, Counts 4 and 7 (the § 924(c) charges), expressly identified Counts 2, 3, 5, and 6—not Count 1—as the predicate offenses. *See* Indictment at 8, 10 (charging Acevedo in Count 4 with using a firearm in relation to a crime of violence "as set forth in Count [2] and [3] of this Indictment," and in Count 7 with using a firearm in relation to a crime of violence "as set forth in Count [5] and [6] of this Indictment").

counts without specifying which count of robbery was the predicate offense." *Id.* Put another way, Acevedo claims that it's now impossible for us to tell whether, as a predicate for the § 924(c) counts, the jury used the Hobbs Act *robbery* charges (which would be proper) *or* the Hobbs Act *conspiracy* counts (no longer proper after *Davis*).

The Respondent urges us to deny the Motion for two different reasons. *First*, the Respondent says that, because Acevedo "never challenged the crime-of-violence nature of his § 924(c) convictions [on direct appeal]," he's procedurally defaulted this claim. Respondent's Response to Order to Show Cause ("Response") [ECF No. 6] at 8. *Second*, the Respondent argues that Acevedo's § 924(c) convictions "were predicated alternatively on Count 3 and 6—substantive Hobbs Act robbery offenses—which are completely unaffected by *Davis*." *Id.* at 14. Because we agree with the Respondent's second argument, we now deny the Motion.

In *Davis*, the Supreme Court addressed a challenge to 18 U.S.C. § 924(c), a statute that "threatens long prison sentences for anyone who uses a firearm in connection with certain other federal crimes." 139 S. Ct. at 2323. Specifically, § 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence or drug trafficking crime.'" *Id.* at 2324 (quoting 18 U.S.C. § 924(c)(1)(A)). The statute gives us two ways to identify a "crime of violence": the "elements clause" and the "residual clause." *Id.* In *Davis*, the Court held that § 924(c)'s "residual clause"—which defined a "crime of violence" as a felony that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"—was unconstitutionally vague. *Id.*

5

at 2325–26 (citing *Johnson v. United States*, 576 U.S. 591, 598–99 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204, 1216 (2018)).[3]

In the aftermath of *Davis*, the Eleventh Circuit was asked to determine whether a conspiracy to commit a Hobbs Act robbery remained a "crime of violence" under § 924(c)'s still-constitutional "elements clause." *See Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019) ("[T]he survival of Brown's § 924(c) conviction depends entirely on whether conspiracy to commit Hobbs Act robbery qualifies as a crime of violence under the elements clause.").[4] After applying the "categorical approach," the court concluded that Hobbs Act conspiracy does not "necessitat[e] the existence of a threat or attempt to use force," and, therefore, "does not qualify as a 'crime of violence'" under § 924(c)'s elements clause. *Id.* at 1075–76.

With this framework in hand, we turn to the question before us: What happens when a defendant (like Acevedo) is convicted of multiple offenses—some of which are "crimes of violence," some of which aren't—by a verdict that *doesn't* make clear which of these offenses the jury used as predicates for the § 924(c) charge? It's a hard question in the abstract. Fortunately, the Eleventh Circuit has resolved the issue in three recent cases: *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021); *Parker v. United States*, 993 F.3d 1257 (11th Cir. 2021), *cert. denied* 142 S. Ct. 500 (2021); and *Foster v.*

---

[3] By contrast, the "elements clause," which defines a "crime of violence" as any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A), was left intact and can be still used to enhance criminal sentences, *see, e.g.*, *United States v. Hanks*, 795 F. App'x 783, 785 (11th Cir. 2020) ("[Since] federal bank robbery is a crime of violence under the elements clause, Hanks's § 924(c) conviction is valid, notwithstanding the Supreme Court's invalidation of the residual clause.").

[4] That same year, the Eleventh Circuit separately found that *Davis* announced a new rule of constitutional law—meaning that a *Davis* claim is retroactively applicable on collateral review and, therefore, can provide the basis for a successive § 2255 motion. *See In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019) ("In other words, *Davis* announced a new substantive rule, and [*Welch v. United States*, 578 U.S. 120 (2016)] tells us that a new rule such as the one announced in *Davis* applies retroactively to criminal cases that became final before the new substantive rule was announced."). And that's why the Eleventh Circuit authorized Acevedo to file his successive Motion in our case. *See In re Acevedo*, slip op., at 4–5 (granting Acevedo's successive § 2255 motion and citing *In re Hammoud*, 931 F.3d at 1039, and *In re Cannon*, 931 F.3d 1236 (11th Cir. 2019)).

*United States*, 996 F.3d 1100 (11th Cir. 2021), *cert. denied* 142 S. Ct. 500 (2021). In these three cases, the court of appeals held that, as a threshold matter, the postconviction movant must have "contended [on his direct appeal] that the § 924(c) residual clause was unconstitutionally vague"; otherwise, the court said, the *Davis* claim is procedurally defaulted. *See Granda*, 990 F.3d at 1288; *see also Parker*, 993 F.3d at 1265 ("*Granda* held that a vagueness-based challenge to the § 924(c)(3)(B) residual clause was not sufficiently novel to establish cause.").[5]

Even if the movant can avoid a procedural default, "relief is proper only if the . . . court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *Foster*, 996 F.3d at 1107 (quoting *Davis v. Ayala*, 576 U.S. 257, 267–68 (2015)); *see also Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) ("[Habeas petitioners] are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'"). *Granda* and its progeny held that a movant will fail to satisfy this harmless-error standard if the "conspiracy to commit Hobbs Act robbery was inextricably intertwined with the other predicate offenses." *Granda*, 990 F.3d at 1293. That's because "[t]he tightly bound factual relationship of the predicate offenses precludes [movants] from showing a substantial likelihood that the jury relied solely on [Hobbs Act conspiracy] to predicate its conviction on [a § 924(o) offense]." *Id.* at 1291; *see also, e.g.*, *Parker*, 993 F.3d at 1263 ("It is inconceivable that the jury could have found Parker conspired, and did, use and carry a firearm in furtherance of his conspiracy to rob the house (the invalid predicate) without also finding at the same time that he did so in furtherance of his conspiracy and attempt to obtain the cocaine in the same house (both valid predicates)."); *Foster*, 996 F.3d at 1108 ("[T]here [was]

---

[5] There is (it's true) one exception to this rule, which applies *only* where the movant can "establish that he is actually innocent of the [§ 924(c)] offense." *Granda*, 990 F.3d at 1292. As in *Granda*, however, Acevedo doesn't allege that he's "actually innocent," *see generally* Motion, so we needn't address this exception here, *see, e.g.*, *Granda*, 990 F.3d at 1292 ("To demonstrate actual innocence of the § 924(o) offense, Granda would have to show that no reasonable juror would have concluded he conspired to possess a firearm in furtherance of any of the valid predicate offenses. . . . Granda cannot make this showing, nor does he try.").

7

no real possibility that Foster's convictions on [the §§ 924(c) and (o) counts] rested solely on the invalid Hobbs Act conspiracy predicate, [and] the inclusion of an invalid predicate offense in the indictment and jury instructions was harmless.").

As an initial matter, we reject the Respondent's contention that Acevedo's claim is procedurally defaulted. According to the Respondent, Acevedo didn't challenge his § 924(c) conviction "until he first sought leave (unsuccessfully) in 2016 from the Eleventh Circuit to file a second or successive § 2255 motion, more than a decade after his conviction became final in 2001." Response at 8. While this finding—if true—*would* constitute a procedural default, we just aren't sure that the record conclusively supports the Respondent's position. Acevedo (it's true) took a direct appeal of his conviction, *see Acevedo*, 250 F.3d at 746, but we have no idea *what* he argued in that appeal. That's because the Eleventh Circuit summarily affirmed his conviction and sentence in an unwritten opinion, and a copy of his Initial Brief isn't included in the record before us. We thus cannot say that Acevedo has *never* attacked his § 924(c) convictions as unconstitutionally vague.

Still, the Motion fails because the Hobbs Act *conspiracy* counts are "inextricably intertwined" with the Hobbs Act *robbery* counts. Acevedo, remember, was convicted of conspiring to rob (and of actually robbing) two armored cars—one on January 3, 1994, and another on September 28, 1994—using, among other things, firearms. *See* Indictment at 4 ("In furtherance of this conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the Southern District of Florida: On or about January 3, 1994 [Acevedo] obtained, by force and at gunpoint, approximately $1,000,000.000 from a messenger and a driver of a Brinks armored car . . . . On or about September 28, 1994 [Acevedo] obtained, by force and at gunpoint, approximately $1,900,000.000 from a messenger and a driver of a Brinks armored car."). The charged conspiracy was thus "inextricably intertwined" with the substantive robberies because they involved "the same operative facts and the same set of events." *Granda*, 990 F.3d at 1289; *see also Calderon v. United States*,

8

811 F. App'x 511, 516 (11th Cir. 2020) ("[T]he predicate offenses are 'inextricably intertwined' such that it would be difficult for the court to find that Calderon used a weapon in furtherance of the Hobbs Act conspiracy without also finding that he used a weapon in furtherance of the Hobbs Act robbery that formed the basis of that conspiracy.").

And the Eleventh Circuit *essentially* said as much when it allowed Acevedo to proceed with his successive Motion:

> Even on this limited record before us, there is some indication that the jury's § 924(c) verdicts did not rest solely on the conspiracy to commit Hobbs Act robbery predicates given that the conspiracy-robbery offenses, substantive robbery offenses, and the firearm offenses were so inextricably intertwined with each other and the jury found the substantive robbery offenses proven beyond a reasonable doubt. . . . This is only to say that this is an issue the district court will need to address in the first instance.

*In re Acevedo*, slip op., at 7–8. Here, again, the court of appeals got it right: Given the facts of the case—and in light of the jury's verdict on the substantive robbery counts—there's no real possibility that the jury found Acevedo guilty only of using a firearm in furtherance of the conspiracy to rob the two armored vehicles. *Cf. Foster*, 996 F.3d at 1108 ("[T]here is no real possibility that Foster's convictions on [the §§ 924(c) and (o) counts] rested solely on the invalid Hobbs Act conspiracy predicate."); *Calderon*, 811 F. App'x at 516 ("[I]t would be difficult for the court to find that Calderon used a weapon in furtherance of the Hobbs Act conspiracy without also finding that he used a weapon in furtherance of the Hobbs Act robbery that formed the basis of that conspiracy."). After all, the jury found that Acevedo conspired to rob the two trucks, that he *actually* robbed the two trucks, and the Indictment alleged that Acevedo used and carried a firearm during those two robberies. Given the evidence that a gun was used during the robberies, the jury's finding that Acevedo *was* the man at the robberies very strongly suggests that it found Acevedo guilty, not just of using the gun during the *conspiracy*, but also of holding the gun at the robberies. Since Acevedo has failed to show a substantial likelihood that the jury used *only* the Hobbs Act conspiracy as a predicate for his § 924(c) convictions, any conceivable error was harmless under *Brecht v. Abrahamson*. *See Granda*, 990 F.3d at 1292 ("Even were we to assume

that the overlap between the valid and invalid predicates did not bar Granda's claim on procedural default grounds, the same problem would rear its head again on the merits. The inextricability of the alternative predicate crimes compels the conclusion that the error Granda complains about—instructing the jury on a constitutionally invalid predicate as one [of] several [ ] potential alternative predicates—was harmless.").

### EVIDENTIARY HEARING

We won't give Acevedo an evidentiary hearing because "the motion and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b); *see also Schriro v. Landrigan*, 550 U.S. 465, 473–75 (2007) (holding that, if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court needn't hold an evidentiary hearing).

### CERTIFICATE OF APPEALABILITY

A Certificate of Appealability ("COA") is appropriate only where the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To deserve a COA, therefore, the movant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)). Because reasonable jurists wouldn't find our resolution of the Motion's constitutional claims debatable or wrong, we **DENY** any request for a COA.

\*\*\*

Having carefully reviewed the record and the governing law, we hereby **ORDER AND ADJUDGE** that the Motion is **DENIED**, any request for a COA is **DENIED**, any request for an

10

evidentiary hearing is **DENIED**, all deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot. The Clerk of Court shall **CLOSE** this case.

      **DONE AND ORDERED** in the Southern District of Florida, this 22nd day of April 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Santos Acevedo, *pro se*
       counsel of record